**SO ORDERED.**

**SIGNED this 07 day of November, 2011.**

_____
**DIANE DAVIS
UNITED STATES BANKRUPTCY JUDGE**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| In RE:  Jose Sanchez, | Chapter 13 |
|---|---|
| Debtor. | Case No. 05-65697 |

**ORDER**

      THIS CAUSE coming on to be heard, and being heard, before the undersigned Judge presiding over the United States Bankruptcy Court for the Northern District of New York, Utica Division, pursuant to the motion filed by the debtor to declare his mortgage loan with National City Mortgage (PNC Mortgage) current as of the date of the entry of the Discharge Order in this case; and

      IT IS ORDERED that this court has jurisdiction over the parties and over the subject matter of this motion; and

      IT IS FURTHER ORDERED that all parties in interest received notice of this motion and of the time, date and place of this hearing and that no such parties have filed any timely objections or otherwise appeared in opposition to the said motion and that the time for filing any such objection has expired; and

      IT IS FURTHER ORDERED that as of March 3, 2011 the date in which the Debtor stated in an Affidavit that he had made every monthly post-petition mortgage payment and that to the best of his knowledge the $21,046.97 per the Proof of Claim filed by Aurora Loan Services was paid in full through his Chapter 13 plan and that Creditor, PNC Bank, National Association Successor by merger to National City Bank successor by merger to National City Mortgage Company filed a Lift Stay Motion which they then withdrew on July 6, 2011, this Court declares Debtor's mortgage to be current as of March 3, 2011 the date of Debtor's affidavit; and

      IT IS FURTHER ORDERED that in the event the holders of this mortgage, the current servicers or any subsequent assignee or holders of the mortgage debts attempt to collect any arrears, fees, charges or expenses incurred prior to March 3, 2011; such action shall be deemed to be a willful violation of the discharge injunction and will constitute contempt of the orders of this Court; and that such action shall give the right to the debtor to pursue a proceeding before this court for contempt and appropriate sanctions and such other state and federal statutory remedies as may be available to the debtors and that this Court specifically shall retain jurisdiction over this case for the purpose of hearing all such claim or claims.

###